**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIVIAN AND LEONARD JUDELSON, as Trustees of the VIVIAN JUDELSON REVOCABLE TRUST DATED 10/9/95, and VIVIAN S. JUDELSON CONTRIBUTORY IRA, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>TARRAGON CORPORATION, WILLIAM S. FRIEDMAN, ROBERT P. ROTHENBERG and ERIN D. PICKENS,<br><br>                Defendants. | Electronically Filed<br><br>Civil Action No. 1:07-cv-07972<br><br>(ECF Case) |
| HENRY NELSON, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>TARRAGON CORPORATION, WILLIAM S. FRIEDMAN, ROBERT P. ROTHENBERG and ERIN D. PICKENS,<br><br>                Defendants. | Civil Action No. 1:07-cv-08438-UA<br><br>(ECF Case) |

[Captions continued on next page]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF THE TARRAGON INVESTOR GROUP TO CONSOLIDATE ACTIONS,
TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

| | |
|---|---|
| PAUL BERGER, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>              vs.<br><br>TARRAGON CORPORATION, WILLIAM S. FRIEDMAN, ROBERT P. ROTHENBERG and ERIN D. PICKENS,<br><br>                              Defendants. | Civil Action No. 1:07-cv-08689-PKC<br><br>(ECF Case) |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

INTRODUCTION .......................................................................................................................... 1

PROCEDURAL BACKGROUND ................................................................................................ 3

STATEMENT OF FACTS ............................................................................................................ 3

ARGUMENT .................................................................................................................................. 5

I.     The Related Actions Should Be Consolidated ................................................................... 5

II.    The Tarragon Investor Group Should Be Appointed Lead Plaintiff ................................. 5

          A.     The Procedural Requirements Pursuant To The PSLRA ......................................... 6

          B.     The Tarragon Investor Group Is "The Most Adequate Plaintiff" ........................... 7

                  1.     The Tarragon Investor Group Has Made A Motion For
                        Its Appointment As Lead Plaintiff ................................................................ 7

                  2.     The Tarragon Investor Group Has The
                        Largest Financial Interest ............................................................................... 7

                  3.     The Tarragon Investor Group Otherwise
                        Satisfies Rule 23 ............................................................................................. 8

                            a.     The Tarragon Investor Group Fulfills
                                The Typicality Requirement ............................................................... 9

                            b.     The Tarragon Investor Group Fulfills
                                The Adequacy Requirement ................................................................ 9

III.   The Court Should Approve The Tarragon Investor Group's Choice Of Counsel ............. 10

CONCLUSION ............................................................................................................................. 11

**PRELIMINARY STATEMENT**

Tarragon Corporation. ("Tarragon" or the "Company") investors Kurt A. Prescott, Leslie R. Bowers, and Dale R. Jesse, individually and as Trustee for the Seaside Resources Retirement Trust[1] (collectively, the "Tarragon Investor Group") have losses totaling approximately $33,850 as a result of their investments in Tarragon.  Accordingly, the Tarragon Investor Group is believed to have suffered the largest financial loss of any other movant and, as such, has the largest financial interest in the outcome of this litigation.  As the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Tarragon Investor Group hereby moves for its appointment as Lead Plaintiff of a proposed class of persons or entities who purchased or acquired Tarragon securities between January 5, 2005 and August 9, 2007, inclusive (the "Class Period").

**INTRODUCTION**

The above-captioned actions (the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

The Tarragon Investor Group, with losses of approximately $33,850, in connection with its purchases of Tarragon securities during the Class Period, is suitable and adequate to serve as Lead Plaintiff.[2]  The members of the Tarragon Investor Group have submitted sworn

---

[1] Seaside Resources is an oil and gas leasing company owned by Dale R. Jesse, who is the sole Trustee for and beneficiary of the Seaside Resources Retirement Trust.

[2] The losses suffered by the Tarragon Investor Group are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined

1

certifications, demonstrating their desire to serve as Lead Plaintiff in this action and their understanding of the attendant duties and obligations of serving as such. *See* Smith Decl. at Exhibit A.[3]  To the best of its knowledge, the Tarragon Investor Group's losses represent the largest known financial interest of any class member seeking to be appointed as Lead Plaintiff. *See* Smith Decl. at Exhibit C.  Movant is not aware of any other class member that has filed an action or filed an application for appointment as Lead Plaintiff that has sustained greater financial losses.  In addition, the Tarragon Investor Group satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as Lead Plaintiff in these actions.  Thus, as demonstrated herein, Movant is presumptively the most adequate plaintiff and should be appointed Lead Plaintiff.

The Tarragon Investor Group respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Tarragon Investor Group to serve as Lead Plaintiff pursuant to the Exchange Act; (3) approving the Tarragon Investor Group's selection of Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead

---

from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

[3]  Sworn Certifications for the members of the Tarragon Investor Group documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of Evan J. Smith In Support Of The Motion Of The Tarragon Investor Group To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel (the "Smith Decl.").

Counsel for the Class; and (4) approving the Tarragon Investor Group's selection of Brodsky & Smith, LLC to serve as Liaison Counsel for the Class.

## PROCEDURAL BACKGROUND

The first filed lawsuit against defendants, *Judelson v. Tarragon, Corp.,* No. 1:07-cv-07972-PKC, was filed in the Southern District of New York on September 11, 2007. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on September 11, 2007, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as Lead Plaintiff no later than November 13, 2007. *See* Smith Decl. at Exhibit B. The members of the Tarragon Investor Group are class members (*see* Smith Decl. at Exhibit A) and are timely filing this motion within the 60 day period following publication of the September 11, 2007 notice pursuant to Sections 21D of the PSLRA.

## STATEMENT OF FACTS[4]

Tarragon is a Nevada corporation with its principal executive offices located in New York, New York. Tarragon is a homebuilder and real estate developer with multiple business lines. The Company's homebuilding and real estate development segment focuses on developing, renovating, building and marketing homes in high-density, urban locations and planned communities.

Throughout the Class Period, Tarragon issued a series of materially false and misleading statements regarding the Company's business practices and financial results which artificially inflated the Company's stock. These statements were materially false and misleading when

---

[4] These facts were derived from the allegations contained in the class action styled as *Nelson v. Tarragon Corp.,* No. 07-08438 (S.D.N.Y. filed Sept. 28, 2007).

3

made because defendants failed to disclose or indicate that: (1) the Company had failed to consolidate a limited partnership into its consolidated financial statements; (2) the Company had failed to properly report its consolidated statement of cash flows by misclassifying items among its operating, investing and financing activities; (3) the Company's financial statements were not prepared in accordance with GAAP; (4) the Company was experiencing liquidity issues due to its inability to obtain loan modifications and financing; (5) the Company lacked adequate internal and financial controls at all relevant times; and (6) the Company's statements about its financial well-being and future business prospects for 2007 were lacking in a reasonable basis when made.

On March 19, 2007, Tarragon informed investors that it planned to spin-off its Homebuilding Division as an independent publicly traded company during the year. As a result, the Company informed investors that it was withholding its financial guidance until the spin-off was completed.

On April 2, 2007, Tarragon filed an 8-K with the Securities & Exchange Commission which informed investors that the Company would be restating its consolidated statements of cash flows for the years ended December 31, 2005 and 2004.

On July 17, 2007, *Bloomberg* reported that the Company's auditor had "failed to obtain sufficient competent evidential matter to support its audit opinion" regarding the Company's financial statements and had "failed to identify an accounting violation that it should have identified and addressed before issuing its audit report." The article further disclosed that Tarragon had left a 90 percent owned partnership off of its balance sheet.

Then, on August 9, 2007, the Company shocked investors when it reported that it was unable to timely file its Quarterly Report because it needed additional time "to finalize its

evaluation of property impairment charges and other write-downs necessitated by the recent decision to sell certain properties." The Company also disclosed that it was unable to obtain load modifications and other financing, which had materially affected the Company's liquidity, and raised doubt about its ability to continue as a going concern. Additionally, the Company's Board of Directors had formed a special committee "to evaluate strategic and financial alternatives that may be available to Tarragon and its stakeholders," including "all available forms and sources of financing, property sales and other strategic transactions." Finally, the Company stated that it was postponing the spin-off of its homebuilding business, and that it expected to record impairment charges in excess of $125 million.

On this news, the Company's shares declined $1.88, or over 66.6 percent, to close on August 9, 2007 at $0.91 per share, on unusually heavy trading volume.

**ARGUMENT**

**I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is proper for cases involving common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990). Each of the Related Actions are brought on behalf of purchasers of Tarragon securities who purchased in reliance on the materially false and misleading statements and omissions during the Class Period and assert essentially similar and overlapping claims for alleged violations of the Exchange Act. Furthermore, consolidating the Actions will efficiently streamline the litigation to avoid duplication on behalf of the parties. *See Id.* at 1285 (noting consolidation is beneficial for judicial economy). Accordingly, these Related Actions should be consolidated.

## II. THE TARRAGON INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on September 11, 2007. *See* Smith Decl. at Exhibit B.[5] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than November 13, 2007. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-

---

[5] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,* No. 02 Civ. 8264 (RWS), 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

### B.  The Tarragon Investor Group Is "The Most Adequate Plaintiff"

#### 1.  The Tarragon Investor Group Has Made A Motion For Its Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Tarragon Investor Group timely moves this Court to be appointed Lead Plaintiff on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

#### 2.  The Tarragon Investor Group Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as Lead Plaintiff the class member who represents the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401. As is demonstrated herein, the Tarragon Investor Group (with losses

of $33,850) has the largest known financial interest in the relief sought by the Class. *See* Smith Decl. at Exhibit C.

### 3. The Tarragon Investor Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health,* 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). The members of the Tarragon Investor Group have claims that are typical of other class members and can adequately serve as Lead Plaintiff. As detailed below, the members of the Tarragon Investor Group satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

8

### a. The Tarragon Investor Group Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); s*ee also Oxford Health,* 182 F.R.D. at 50 (same). However, the claims of the Lead Plaintiff need not be identical to the claims of the class to satisfy typicality. *See Ferrari v. Impath*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

The Tarragon Investor Group seeks to represent a class of purchasers of Tarragon securities which have identical, non-competing and non-conflicting interests. The members of the Tarragon Investor Group satisfy the typicality requirement because, just like all other class members, they: (1) purchased or acquired Tarragon securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, the Tarragon Investor Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

### b. The Tarragon Investor Group Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3)

whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). As detailed above, the Tarragon Investor Group shares common questions of law and fact with the members of the Class and its claims are typical of the claims of other class members. Further, the members of the Tarragon Investor Group have already taken significant steps demonstrating that they have and will protect the interests of the Class: they have executed sworn certifications detailing their Class Period transactions and expressing their willingness to serve as Lead Plaintiff; they have moved this Court to be appointed as Lead Plaintiff in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. *See Sczensy Trust,* 223 F.R.D. at 324 (discussing adequacy requirement). Furthermore, the Tarragon Investor Group has the largest known financial interest which gives it "an incentive to prosecute the action vigorously." *Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004). Thus, the Tarragon Investor Group, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### III. THE COURT SHOULD APPROVE THE TARRAGON INVESTOR GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, the Tarragon Investor Group has selected and retained Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead

Counsel for the Class and Brodsky & Smith, LLC to serve as Liaison Counsel for the Class. These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. *See* Smith Decl. at Exhibits D and E.

Because there is nothing to suggest that Movant or its counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses – which is the *only* evidence that can rebut the presumption of adequacy under the Exchange Act – this Court should appoint the Tarragon Investor Group as Lead Plaintiff and approve its selection of Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class and Brodsky & Smith, LLC as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Tarragon Investor Group respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint the Tarragon Investor Group as Lead Plaintiff; (c) approve Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class; and (d) approve Brodsky & Smith, LLC as Liaison Counsel for the Class.

Dated: November 13, 2007               Respectfully submitted,

**BRODSKY & SMITH, LLC**

By:  */s Evan J. Smith, Esquire (ES3254)*
Evan J. Smith (ES3254)
240 Mineola Blvd.
Mineola, NY 11501
Telephone:   (516) 741-4977
Facsimile:    (516) 741-0626

**Proposed Liaison Counsel**

**SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP**
Stuart L. Berman
Sean M. Handler
Ian D. Berg
280 King of Prussia Road
Radnor, PA 19087
Telephone:     (610) 667-7706
Facsimile:      (610) 667-7056

**Proposed Lead Counsel**