UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

VIVIAN AND LEONARD JUDELSON, as          :     Civil Action No. 1:07-cv-07972-PKC
Trustees of the VIVIAN JUDELSON          :
REVOCABLE TRUST DATED 10/9/95, et al.,   :     <u>CLASS ACTION</u>
Individually and On Behalf of All Others :
Similarly Situated,                      :
                                         :
                  Plaintiffs,            :
                                         :
         vs.                             :
                                         :
TARRAGON CORPORATION, et al.,            :
                                         :
                  Defendants.            :
                                         :
——————————————————— 
HENRY NELSON, Individually and On Behalf :     Civil Action No. 1:07-cv-08438-PKC
of All Others Similarly Situated,        :
                                         :     <u>CLASS ACTION</u>
                  Plaintiff,             :
                                         :
         vs.                             :
                                         :
TARRAGON CORPORATION, et al.,            :
                                         :
                  Defendants.            :
                                         :
——————————————————— x

[Caption continued on following page.]


MEMORANDUM IN SUPPORT OF THE MOTION OF THE JUDELSON GROUP FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
SELECTION OF LEAD COUNSEL

————————————————————— x

PAUL BERGER, Individually and On Behalf  :   Civil Action No. 1:07-cv-08689-PKC
of All Others Similarly Situated,        :
                                         :   CLASS ACTION
                           Plaintiff,    :
                                         :
              vs.                        :
                                         :
TARRAGON CORPORATION, et al.,            :
                                         :
                           Defendants.   :
                                         :
————————————————————— x

## I.    PRELIMINARY STATEMENT

Presently pending before this Court are three-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Tarragon Corporation ("Tarragon" or the "Company") securities between January 5, 2005 and August 9, 2007, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Class Members Vivian and Leonard Judelson, as Trustees of the Vivian Judelson Revocable Trust Dated 10/9/95; Vivian Judelson, on behalf of the Vivian S. Judelson Contributory IRA; and Reginald Barnett (collectively, the "Judelson Group") hereby move this Court for an order to: (i) consolidate the Actions; (ii) appoint the Judelson Group as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve the Judelson Group's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that the Judelson Group is the most adequate plaintiff, as defined by the PSLRA. The Judelson Group collectively suffered losses of $25,654.15 in connection with its purchases of Tarragon securities during the Class Period.  *See* Alba Decl. Ex. B.[1]  In addition, the Judelson Group, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

---

[1]     References to the "Alba Decl., Ex. ___ " are to the exhibits attached to the accompanying Declaration of Mario Alba, Jr. dated November 13, 2007 and submitted herewith.

## II.    FACTUAL BACKGROUND[2]

Tarragon is a homebuilder and real estate developer.

The complaint charges Tarragon and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that, during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. As a result of defendants' false statements, Tarragon stock traded at artificially inflated prices during the Class Period, reaching a high of $26.76 per share on July 22, 2005.

According to the complaint, the true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) that the Company had failed to consolidate an unprofitable variable interest entity into its consolidated financial statements; (b) that the Company had failed to properly account for its statement of cash flows by failing to properly classify its cash inflows and cash outflows as operating, investing and financing activities; (c) that the Company had failed to timely take property impairment charges and other write downs; (d) that, due to the deterioration in the real estate credit markets, the Company was experiencing liquidity issues due to its inability to obtain loan modifications and additional financing and there was serious doubt about Tarragon's ability to continue as a going concern; (e) that, as the Company was experiencing a massive downturn in its business, Tarragon would not be able to remain in full compliance with all of its debt covenants; and (f) that, given the increased volatility in the homebuilding industry and the real estate credit markets, the Company had no reasonable basis

---

[2]    These facts are drawn from the allegations in the complaint captioned *Vivian and Leonard Judelson, as Trustees of the Vivian Judelson Revocable Trust Dated 10/9/95, et al., vs. Tarragon Corporation, et al.,* Civil Action No. 1:07-cv-07972-PKC (the "*Judelson* Action").

to make projections about its 2007 results, and as a result, the Company's projections issued during the Class Period about its 2007 results were at a minimum reckless.

Then, on August 9, 2007, the Company announced that the filing of its Form 10-Q with the SEC for the quarter ended June 30, 2007 would be delayed in order to provide additional time for the Company to finalize its evaluation of property impairment charges and other write-downs necessitated by its recent decision to sell certain properties under current adverse market conditions. The impairment charges were expected to be in excess of $125 million. On this news, Tarragon's stock collapsed $1.88 per share to close at $0.94 per share, a decline of 67%, on extremely heavy trading volume.

## III.   ARGUMENT

### A.    The Actions Should Be Consolidated For All Purposes

The Actions each assert class claims on behalf of the purchasers of Tarragon securities for alleged violations of the Exchange Act during the relevant time period. The Actions name virtually the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Tarragon securities during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Tarragon securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B.    The Judelson Group Should Be Appointed Lead Plaintiff

### 1.    The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff in the *Judelson* Action caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business-oriented newswire service, on September 11, 2007. *See* Alba Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

> **2.    The Judelson Group Satisfies the "Lead Plaintiff" Requirements Of The Exchange Act**

> **a.    The Judelson Group Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on November 13, 2007.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on September 11, 2007), the Judelson Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The members of the Judelson Group have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class.  *See* Alba Decl. Ex. C.  In addition, the Judelson Group has selected and retained competent counsel to represent them and the class.  *See* Alba Decl. Ex. D.  Accordingly, the Judelson Group has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

> **b.    The Judelson Group Has The Requisite Financial Interest In The Relief Sought By The Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Alba Decl. Ex. C. the members of the Judelson Group purchased Tarragon securities in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby.  In addition, the Judelson Group collectively incurred a substantial $25,654.15 loss on its transactions in Tarragon securities.  The Judelson Group thus has a significant

financial interest in this case.   Therefore, the Judelson Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### c.     The Judelson Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, No. 97 c 2715, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997).  The Judelson Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the

generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members'") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

The Judelson Group satisfies this requirement because, just like all other class members, it: (1) purchased Tarragon securities during the Class Period; (2) purchased Tarragon securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Judelson Group's claim is typical of those of other class members since its claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Judelson Group to represent the class to the existence of any conflicts between the interests of the Judelson Group and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, the Judelson Group is an adequate representative of the class.  As evidenced by the injuries suffered by the Judelson Group, who purchased Tarragon securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interest of the Judelson Group is clearly aligned with the members of the class, and there is no evidence of any antagonism between the Judelson Group's interest and those of the other members of the class. Further, the members of the Judelson Group have taken significant steps which demonstrate that they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, the Judelson Group's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Judelson Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C.    The Court Should Approve the Judelson Group's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  In that regard, the Judelson Group has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action.  *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

- 8 -

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, H-01-3624, 2006 U.S. Dist. LEXIS 43146, at

*77 (S.D. Tex. June 5, 2006).

  Accordingly, the Court should approve the Judelson Group's selection of counsel.

## IV. CONCLUSION

  For all the foregoing reasons, the Judelson Group respectfully requests that the Court: (i)

consolidate the Actions; (ii) appoint the Judelson Group as Lead Plaintiff in the Actions; (iii)

approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court

may deem just and proper.

DATED:  November 13, 2007    COUGHLIN STOIA GELLER
               RUDMAN & ROBBINS LLP


                /s/ *Mario Alba Jr.*
                MARIO ALBA, JR.

           SAMUEL H. RUDMAN
           DAVID A. ROSENFELD
           MARIO ALBA, JR.
           58 South Service Road, Suite 200
           Melville, NY  11747
           Telephone:  631/367-7100
           631/367-1173 (fax)

           [Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on November 13, 2007, I caused a true and

correct copy of the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiff and for
> Approval of Selection of Lead Counsel;

> Memorandum in Support of the Motion of The Judelson Group for
> Consolidation, Appointment as Lead Plaintiff and for Approval of
> Selection of Lead Counsel; and

> Declaration of Mario Alba, Jr. in Support of the Motion of The Judelson
> Group for Consolidation, Appointment as Lead Plaintiff and for Approval
> of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this

case; and (ii) by first-class mail to all additional counsel on the attached service list.


                                        /s/ *Mario Alba Jr.*
                                        Mario Alba Jr.

TARRAGON

Service List - 11/9/2007     (07-0190)

Page 1 of  1

**Counsel For Defendant(s)**

Eliot  Lauer
Theresea A. Foudy
Daniel R. Marcus
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY  10178-0061
   212/696-6000
   212/697-1559(Fax)

Jayant W. Tambe
William J. Hine
Jones Day
222 East 41st Street
New York, NY  10017
   212/326-3939
   212/755-7306(Fax)

**Counsel For Plaintiff(s)**

Jeffrey S. Abraham
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
   212/279-5050
   212/279-3655(Fax)

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
   516/741-4977
   516/741-0626(Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario  Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173(Fax)

Richard A. Maniskas
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056(Fax)