CERTIFICATION OF NAMED PLAINTIFF
PURSUANT TO FEDERAL SECURITIES LAWS

VIVIAN JUDELSON ("Plaintiff") declares:

1. Plaintiff has reviewed a complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

**Acquisitions:**

*[handwritten note: PU 2006 / END CLOSED PURPOSE]*

| | Date Acquired | Number of Shares Acquired | Acquisition Price Per Share |
|---|---|---|---|
| ① | 12/12/06 | 1000 | 12.4695 |
| ② | 8/2/07 | 2000 | 4.09345 |
| | | | |

**Sales:**

| Date Sold | Number of Shares Sold | Selling Price Per Share |
|---|---|---|
| | | |
| NONE | | |
| | | |

5. Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below during the three years prior to the date of this Certification:

① IN VIVIAN S JUDELSON CONTRIBUTORY IRA
CHARLES SCHWAB + CO, INC. CUSTODIAN

6. The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

② IN VIVIAN JUDELSON REV TR DATED 10/9/95
VIVIAN + LEONARD JUDELSON TRUSTEES

TARRAGON

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of SEPT, 2007.

*Vivian Judelson*
VIVIAN JUDELSON

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

LEONARD JUDELSON, Trustee ("Plaintiff") declares:

1. Plaintiff has reviewed a complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

**Acquisitions:**

ONLY AS TRUST —

| Date Acquired | Number of Shares Acquired | Acquisition Price Per Share |
|---|---|---|
| CO-TRUSTEE | OF VIVIAN | JUDELSON |
| SEE | IT'S CERTIFICATION | ATTACHED |
| | | |

**Sales:**

| Date Sold | Number of Shares Sold | Selling Price Per Share |
|---|---|---|
| | | |
| | | |
| | | |

5. Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below during the three years prior to the date of this Certification:

6. The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

TARRAGON

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this __8__ day of __SEPT__, 2007.

_____
LEONARD JUDELSON, Trustee

**Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws**

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by Coughlin Stoia, retains Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to file an action under the federal securities laws to recover damages and to seek other relief against Tarragon Corporation ("Tarragon"). Coughlin Stoia will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Tarragon Corporation Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by Coughlin Stoia.

First name: Reginald
Last name: Barnett
Address:
City:
State, Zip:
Email:
Phone:

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

**Acquisitions:**

| Date Acquired | Number of Shares Acquired | Acquisition Price per Share |
|---|---|---|
| 10/25/2006 | 300 | 11.83 |
| 8/6/2007 | 1200 | 3.75 |
| 8/6/2007 | 800 | 3.46 |
| 8/9/2007 | 1000 | 3.2 |
| 8/7/2007 | 1000 | 3.0 |

http://admin.csgrr.com/csadm-cgi-bin/mil?doc=/csadm/data/7/db.signupsSD/data/tarragon/tarragon.07...    9/13/2007

| Date | Number of Shares | Price |
|---|---|---|
| 8/9/2007 | 1500 | 2.75 |
| 8/9/2007 | 3000 | 2.65 |
| 8/9/2007 | 2000 | 2.2 |

Sales:

| Date Sold | Number of Shares Sold | Selling Price per Share |
|---|---|---|
| 11/21/2006 | 300 | 12.28 |
| 8/8/2007 | 1500 | 3.39 |
| 8/8/2007 | 2000 | 3.79 |
| 8/15/2007 | 1000 | .7 |
| 8/15/2007 | 610 | .65 |
| 8/17/2007 | 5390 | .72 |

7. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except if detailed below:

| | |
|---|---|
| I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate: | yes |
| By clicking on the button below, I intend to sign and execute this agreement: | yes |

Clicked to Participate in the Tarragon Action

Signed pursuant to California Civil Code Section 1633.1, et seq. - Uniform Electronic Transactions Act