**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIVIAN AND LEONARD JUDELSON, as Trustees of the VIVIAN JUDELSON REVOCABLE TRUST DATED 10/9/95, and VIVIAN S. JUDELSON CONTRIBUTORY IRA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>TARRAGON CORPORATION, WILLIAM S. FRIEDMAN, ROBERT P. ROTHENBERG and ERIN D. PICKENS,<br><br>Defendants. | DOCKET NUMBER: 07-7972-PKC<br><br>HON. P. KEVIN CASTEL |

(Caption continued on the following pages)

**MEMORANDUM IN SUPPORT OF THE MOTION OF PASCUAL RODRIGUEZ TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

| | | |
|---|---|---|
| HENRY NELSON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARRAGON CORPORATION, WILLIAM S. FRIEDMAN, ROBERT P. ROTHENBERG, and ERIN DAVIS PICKENS,<br><br>Defendants. | ) | DOCKET NUMBER: 07-8438-PKC<br><br>HON. P. KEVIN CASTEL |
| PAUL BERGER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARRAGON CORPORATION, WILLIAM S. FRIEDMAN, ROBERT P. ROTHENBERG and ERIN D. PICKENS,<br><br>Defendants. | ) | DOCKET NUMBER: 07-8689-PKC<br><br>HON. P. KEVIN CASTEL |

**TABLE OF CONTENTS**


PRELIMINARY STATEMENT……………………………………………………………1

PROCEDURAL BACKGROUND…………………………………………………………2

STATEMENT OF FACTS…………………………………………………………………3

ARGUMENT…………………………………………………………………………………4

I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS……………….4

II. PASCUAL RODRIGUEZ SHOULD BE APPOINTED LEAD PLAINTIFF………….5

A. The Procedural Requirements Pursuant to the PSLRA………………………….5

B. Pascual Rodriguez is "The Most Adequate Plaintiff"……………......................6

1. Pascual Rodriguez Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff……………………………………………..6

2. Pascual Rodriguez Has the Largest Financial Interest…………………...7

3. Pascual Rodriguez Satisfies the Requirements of Rule 23………………7

i. Pascual Rodriguez's Claims are Typical of the Claims of all the Class Members……………………………………………….........8

ii. Pascual Rodriguez Will Adequately Represent the Class……………9

III. THE COURT SHOULD APPROVE PASCUAL RODRIGUEZ'S CHOICE OF LEAD COUNSEL ………………………………………………………………..10

CONCLUSION………………………………………………………………………….11

**PRELIMINARY STATEMENT**

Pascual Rodriguez (or "Mr. Rodriguez") hereby moves to consolidate various related securities fraud class actions filed against Tarragon Corporation[1] ("Tarragon" or the "Company") and other defendants, to be appointed Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of his selection of the law firm of Kahn Gauthier Swick, LLC, as Lead Counsel for the Class in this case.

Mr. Rodriguez fully understands his duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certification attached to the Declaration of Kim E. Miller in Support of the Motion of Pascual Rodriguez to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A, Mr. Rodriguez has suffered losses of $14,755.00 as a result of his purchase of shares of Tarragon common stock on the open market between the dates of January 5, 2005 and August 9, 2007, inclusive (the "Class Period"). To the best of his knowledge, Mr. Rodriguez has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Rodriguez's Certification demonstrates his intent to serve as Lead Plaintiff in this litigation, including his cognizance of the duties of serving in that role.[2] Moreover, Mr. Rodriguez satisfies

---

[1] The related securities fraud class actions include the following cases: *Vivian Judelson, et al. v. Tarragon Corporation, et al.*, 07-7972 (filed September 11, 2007); *Henry Nelson v. Tarragon Corporation, et al.*, 07-8438 (filed September 28, 2007); *Paul Berger v. Tarragon Corporation, et al.*, 07-8689 (filed October 9, 2007).

[2] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). A

both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, Mr. Rodriguez respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. Rodriguez as Lead Plaintiff in this action pursuant to the Exchange Act; and (3) approving Mr. Rodriguez' selection of the law firm of Kahn Gauthier Swick, LLC as Lead Counsel for the Class.

**PROCEDURAL BACKGROUND**

The first lawsuit against defendants, *Vivian Judelson, et al. v. Tarragon Corporation, et al.*, 07-7972, was filed in the Southern District of New York on September 11, 2007. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on September 11, 2007, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than November 13, 2007. *See* Miller Decl. at Exhibit B.

Mr. Rodriguez is a Class Member (*see* Miller Decl. at Exhibit A) who has timely filed this motion within the 60 day period following publication of the September 11, 2007 notice.

---

copy of Mr. Rodriguez's Certification of his transactions in Tarragon securities during the Class Period is attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

## STATEMENT OF FACTS[3]

Tarragon is a homebuilder and real estate developer with two distinct businesses: a homebuilding and real estate development business and a real estate services business. During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. As a result of defendants' statements, Tarragon stock traded at artificially inflated prices during the Class Period, reaching a high of $26.76 per share on July 22, 2005.

On July 17, 2007, *Bloomberg* reported that Tarragon's auditor had "failed to obtain sufficient competent evidential matter to support its audit opinion" regarding the Company's financial statements, and had "failed to identify an accounting violation that it should have identified and addressed before issuing its audit report."

Then on August 9, 2007—the final day of the Class Period—the Company shocked investors when it reported that it was unable to timely file its quarterly report because it needed additional time "to finalize its evaluation of property impairment charges and other write-downs necessitated by the recent decision to sell certain properties." Tarragon also disclosed that due to serious liquidity issues, there was substantial doubt about the Company's ability to continue as a going concern. These disclosures caused the price of Tarragon's stock to drop to $.94 per share, a one-day decline of $1.88 per share.

Throughout the Class Period, defendants failed to disclose material adverse facts about the Company's financial well-being, business relationships and prospects. As a result of defendants' wrongful acts and omissions, and the extraordinary decline in the market value of

[3] These facts were derived from the allegations contained in the class actions styled as *Vivian Judelson, et al. v. Tarragon Corporation, et al.*, 07-7972 (filed September 11, 2007) and *Henry Nelson v. Tarragon Corporation, et al.*, 07-8438 (filed September 28, 2007).

Tarragon's securities—nearly 96% from the Class Period high—Mr. Rodriguez and the other Class Members have suffered significant losses.

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[4] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(iii) of the Exchange Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

The related actions are perfectly suited for consolidation. The class actions contain very similar allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's financial health during the relevant period. The Complaints allege the same Class Periods and the same defendants. The class actions involve common legal issues and assert claims under Sections 10(b) and 20(a) of the Exchange Act.[5] "While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports." *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL

---

[4] Fed. R. Civ. P. 42(a): Consolidation. When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

[5] This assessment is based upon a review of all of the related complaints currently available on PACER.

1302265, at *3 (S.D.N.Y. May 9, 2006). Accordingly, this Court should consolidate the related actions.

## II. PASCUAL RODRIGUEZ SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on September 11, 2007. *See* Miller Decl. Exhibit B.[6] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than November 13, 2007. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the acts provide that:

---

[6] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

**B. Pascual Rodriguez Is "The Most Adequate Plaintiff"**

**1. Pascual Rodriguez Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff**

Mr. Rodriguez moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on September 11, 2007. Accordingly, Mr. Rodriguez meets the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) and has filed his motion by November 13, 2007.

Moreover, Mr. Rodriguez has sustained a substantial loss from his investment in Tarragon stock and has shown his willingness to represent the Class by signing a Certification detailing his Tarragon transaction information during the Class Period. *See* Miller Decl. Exhibit A. As demonstrated by his Certification, Mr. Rodriguez is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Mr. Rodriguez has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent

the Class. The firm biography of proposed Lead Counsel, Kahn Gauthier Swick, LLC, is attached as Exhibit C to the Miller Declaration.

**2. Pascual Rodriguez Has the Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401; *see also*, *Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip. Op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.) (appointing movant with the largest financial interest). As demonstrated herein, Mr. Rodriguez (with losses of $14,755.00) has the largest known financial interest in the relief sought by the Class. *See* Miller Decl. Exhibit A.

**3. Pascual Rodriguez Satisfies the Requirements of Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding

that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Mr. Rodriguez satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff. Mr. Rodriguez has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

**i. Pascual Rodriguez's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Mr. Rodriguez's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Mr. Rodriguez and all of the Class Members purchased Tarragon securities during the Class Period

when the stock prices were artificially inflated as a result of the Defendants' fraudulent misrepresentations and omissions, and thus, both Mr. Rodriguez and the Class Members suffered damages as a result of these purchases. Simply put, Mr. Rodriguez, like all other Class Members: (1) purchased Tarragon stock during the Class Period; (2) purchased Tarragon stock at artificially-inflated prices as a result of defendants' misrepresentations and omissions; and (3) suffered damages thereby. Mr. Rodriguez's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. Mr. Rodriguez is not subject to any unique or special defenses. Thus, Mr. Rodriguez meets the typicality requirement of Fed. R. Civ. P. Rule 23 because his claims are the same as the claims of the other Class Members.

**ii. Pascual Rodriguez Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B).

Mr. Rodriguez's interests are clearly aligned with the members of the Class because his claims are identical to the claims of the Class. There is no evidence of antagonism between his interests and those of the proposed Class Members. Furthermore, Mr. Rodriguez has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the large financial loss he incurred as a result of the wrongful conduct alleged herein. This

motivation, combined with Mr. Rodriguez's identical interest with the members of the Class, clearly shows that Mr. Rodriguez will adequately and vigorously pursue the interests of the Class. In addition, Mr. Rodriguez has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent him.

In sum, because of Mr. Rodriguez's common interests with the Class Members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since Mr. Rodriguez not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, he is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

## III. THE COURT SHOULD APPROVE PASCUAL RODRIGUEZ'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Rodriguez has selected Kahn Gauthier Swick, LLC, to serve as proposed Lead Counsel for the Class. This firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit C. Furthermore, Mr. Rodriguez's counsel has invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

**CONCLUSION**

For all of the foregoing reasons, Mr. Rodriguez respectfully requests that this Court: (1) consolidate all related actions, (2) appoint Mr. Rodriguez to serve as Lead Plaintiff in this action; (3) approve Mr. Rodriguez's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: November 13, 2007

Respectfully submitted,

KAHN GAUTHIER SWICK, LLC

/s/ Kim E. Miller
Michael A. Swick (MS-9970)
Kim E. Miller (KM-6996)
12 East 41st Street, 12th Floor
New York, NY 10017
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

KAHN GAUTHIER SWICK, LLC
Lewis S. Kahn
650 Poydras St., Suite 2150
New Orleans, Louisiana 70130
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Pascual Rodriguez and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that this Motion was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on November 13, 2007.

/s/ Kim E. Miller
Kim E. Miller