UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

VIVIAN AND LEONARD JUDELSON, as
Trustees of the VIVIAN JUDELSON
REVOCABLE TRUST DATED 10/9/95,
and VIVIAN S. JUDELSON CONTRIBUTORY
IRA, Individually and On Behalf of All Others
Similarly Situated,

                             Plaintiffs,

vs.

TARRAGON CORPORATION, WILLIAM S.
FRIEDMAN, ROBERT P. ROTHENBERG
and ERIN D. PICKENS,

                             Defendants.
------------------------------------------------------------ X

ECF Case

Civil Action No. 07-7972

[additional captions on page following cover sheet]

## MEMORANDUM OF LAW OF PLAINTIFF PAUL BERGER IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

Jeffrey S. Abraham (JA-2946)
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**

------------------------------------------------------------ X

HENRY NELSON, Individually and On Behalf
of All Others Similarly Situated,

              Plaintiff,

vs.

TARRAGON CORPORATION, WILLIAM S.
FRIEDMAN, ROBERT P. ROTHENBERG
and ERIN DAVIS PICKENS,

              Defendants.

Civil Action No. 07-08438

------------------------------------------------------------ X

PAUL BERGER, Individually and On Behalf
of All Others Similarly Situated,

              Plaintiffs,

vs.

TARRAGON CORPORATION, WILLIAM S.
FRIEDMAN, ROBERT P. ROTHENBERG
and ERIN D. PICKENS,

              Defendants.

Civil Action No. 07-8689

------------------------------------------------------------ X

Plaintiff Paul Berger respectfully submits this memorandum of law in opposition to the motions made by other class members seeking to serve as lead plaintiff in these actions and those plaintiffs' proposed selection of lead and liaison counsel.

## INTRODUCTION

Paul Berger has the largest losses of any class member seeking appointment as lead plaintiff in these actions. Therefore, his motion for appointment as lead plaintiff should be granted and his choice of counsel, the law firm of Abraham, Fruchter & Twersky, LLP, should be designated as lead counsel.

## FACTS

Four motions for consolidation of the above-captioned class actions and appointment of lead plaintiff have been filed: (1) Paul Berger with losses of $56,386.82; (2) a group consisting of Vivian and Leonard Judelson and Reginald Barnett referred to as the "Judelson Group" claiming losses of $ 25,654.15[1]; (3) a group consisting of Kurt A. Prescott, Leslie R. Bowers, Dale R. Jesse and the Seaside Resources Retirement Trust who refer to themselves as the "Tarragon Investor Group" but which will, instead, be referred to herein as the "Schiffrin Group" claiming losses of $33,850.00[2]; and (4) Pascual Rodriguez ("Rodriguez") with reported losses of $14,755.00. Each movant is also seeking appointment of his or their counsel as lead counsel with the Schiffrin Group also seeking appointment of the Brodsky & Smith, LLC firm as liaison

---

[1] *See* Declaration of Mario Alba, Jr. in Support of the Motion of the Judelson Group for Consolidation, Appointment as Lead Plaintiff, and for Approval of Selection of Lead Counsel filed on November 13, 2007 (Docket No. 16) at Exhibit C.

[2] *See* Declaration of Evan J. Smith ("Smith Decl.") in Support of the Motion of the Tarragon Investor Group to Consolidate Actions, to be Appointed Lead Plaintiff and for Approval of Selection of Lead Counsel and Liaison Counsel filed on November 13, 2007 (Docket No. 12) at Exhibit A.

counsel.

## ARGUMENT

### A. Paul Berger Should be Appointed Lead Plaintiff Because he is the Movant with the Largest Financial Interest in This Litigation

Each movant acknowledges that the plaintiff with the largest financial interest should be appointed the lead plaintiff in this action. Rodriguez Memo. of Law at 7; Judelson Group Memo. of Law at 5-6; and Schiffrin Group Memo. of Law at 7-8. Paul Berger has (regrettably) lost more money on Tarragon Corporation ("Tarragon") stock than any other movant. Therefore, he has the largest financial interest in this action and should be appointed lead plaintiff. *See, e.g., Hevesi v. Citigroup, Inc. (In re WorldCom, Inc. Sec. Litig.)*, 366 F.3d 70, 81 n.11 (2d Cir. 2004); *Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 737 (9th Cir. 2002).

In addition, the applications of the Schiffrin Group and the Judelson Group fail because they consist of group members who have no apparent prior relationship to each other. This lack of a relationship precludes them from functioning together in some rogue group patched together by a lawyer with the sole intent of becoming lead counsel. *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) (Cedarbaum, J.).

As Judge Cedarbaum explained, the very purpose of the lead plaintiff provisions added to the federal securities laws by the Private Securities Litigation Reform Act of 1995 ("PSLRA") would be defeated by such aggregation because:

> To allow lawyers to designate unrelated plaintiffs as a "group" and aggregate their financial stakes would allow and encourage lawyers to direct the litigation. Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff.

*Id.* Following Judge Cedarbaum's decision, the weight of authority in this District precludes such random aggregations of unrelated plaintiffs. *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 401-02 (S.D.N.Y. 2006) (Owen, J.); *In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (refusing to consider potential lead plaintiffs as a group); *In re Veeco Instruments, Inc. Sec. Litig.*, 233 F.R.D. 330, 334 (S.D.N.Y. 2005) (disapproving aggregation of unrelated persons who join together in the hope of "becoming the biggest loser for PSLRA purposes") (McMahon, J.); *Goldberger v. PXRE Group, Ltd. (In re PXRE Group, Ltd. Sec. Litig.)*, No. 06-3410, 2007 U.S. Dist. LEXIS 23925, at *13-15 (S.D.N.Y. March 30, 2007) (noting reluctancy to aggregate a group comprised of "disparate and apparently unrelated plaintiffs") (Karas, J.); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 308-12 (S.D.N.Y. 2001) (Rakoff, J.); *Accord, Bhojwani v. Pistiolis (In re Top Tankers, Inc. Sec. Litig.)*, No. 06-13761, 2007 U.S. Dist. LEXIS 52139 (S.D.N.Y. June 26, 2007) (Fox, Mag. J.).

The failure to explain the relationship among the members of the Schiffrin Group is particularly glaring as the certifications submitted by the Schiffrin Group members contain extraneous information not required by the federal securities laws. Thus, for example, each certification submitted by the Schiffrin Group contains a statement that "I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification." Smith Decl. Exhibit A at 1, 3 and 5. This statement is not required by the federal securities laws, instead, the law requires a class member's statement that he (or she) "is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary." 15 U.S.C. § 78u-4(a)(2)(A)(iii).

Having provided information not required by the federal securities laws, one would reasonably expect the certification to also include a statement that the plaintiff is aware that he (or she) will be put forward as a lead plaintiff as part of a group as well as identifying the other members of the proposed group. Yet, no such statements are contained in the relevant certifications, which militates against the existence of a group formed at the direction of the plaintiffs rather than a lawyer-driven group which the PSLRA sought to eliminate.

Also, the certifications of each of the members of the Schiffrin Group do not conform to the requirements of the federal securities laws. The PSLRA requires that any plaintiff seeking appointment as a lead plaintiff certify, among other things, that they "reviewed the complaint ***and authorized its filing***." 15 U.S.C. § 78u-4(a)(2)(A)(i) (emphasis added). In contrast, the certifications submitted by members of the Schiffrin Group only state that the complaint (or a complaint) was reviewed but ***does not authorize filing of a complaint***. *See* Smith Decl. at Exhibit A. The PSLRA is specific in its command of the requirements of a certification and the failure to comply with those requirements is fatal to a lead plaintiff application. *Accord, Skwortz v. Crayfish Co., Ltd. (In re Crayfish Co. Sec. Litig.)*, No. 00-6766, 2001 U.S. Dist. LEXIS 15532, at *16-17 (S.D.N.Y. Sept. 28, 2001) (strictly enforcing requirements of the PSLRA's lead plaintiff provisions) (Batts, J.).

The application of the Schiffrin Group is also defective in its unexplained proposed designation of the firm of Brodsky & Smith as "liaison counsel" in this action. Liaison counsel is generally not required where, as here, the Court is utilizing electronic filing. *See, e.g., In re Insurance Brokerage Antitrust Litig.*, No. 04-5184, 2005 U.S. Dist. LEXIS 44904, at *39 (D.N.J. May 25, 2005) (ordering an explanation as to what role liaison counsel would play in light of

electronic filing).

However, even if liaison counsel were appropriate, selection of Brodsky & Smith seems a dubious choice. It is a four lawyer firm based in Philadelphia, Pennsylvania. The purported New York office is not even located in this District but, instead, in Mineola which is in Nassau County. *See* Affidavit of Jeffrey S. Abraham in Opposition to the Competing Motions for Appointment as Lead Plaintiff ("Abraham Aff.") at Exhibit A.

Plaintiff Berger respectfully submits that no rational and well-informed class member would choose Brodsky & Smith as liaison counsel in the context of this action. Having done so, the members of the Schiffrin Group have demonstrated that they are inadequate to serve as lead plaintiffs in this action. *Accord, In re Vonage Initial Public Offering Sec. Litig.*, No. 07-177, 2007 U.S. Dist. LEXIS 66258, at *25 (D.N.J. Sept. 7, 2007) (selecting counsel incapable of role demonstrates a lack of adequacy).

### B. Paul Berger's Choice of Abraham, Fruchter & Twersky, LLP as Lead Counsel Should be Approved

As demonstrated in Mr. Berger's opening brief, Abraham, Fruchter & Twersky, LLP, the law firm representing Mr. Berger in this matter and his choice for lead counsel, is qualified to represent the class of Tarragon investors. Abraham, Fruchter & Twersky, LLP has substantial experience in litigating securities fraud class action lawsuits and is ranked among this country's top firms in securing recoveries in such lawsuits by the Securities Class Action Services a wholly owned subsidiary of Institutional Shareholder Services. *See* Affidavit of Jeffrey S. Abraham in Support of Motion to Consolidate Cases, dated November 13, 2007 (Docket No. 7), Exhibit C at 1.

## C. Schiffrin, Barroway, Topaz & Kessler, LLP Should Not be Appointed as Lead Counsel

Schiffrin, Barroway, Topaz & Kessler, LLP typically engages in a practice of obtaining the identity and trade data of class members from intermediaries and then mailing those plaintiffs packages soliciting their involvement in the litigation. *See, e.g.*, *Vonage*, 2007 U.S. Dist. LEXIS 66258, at *23-27. Indeed, in a prior case, Mr. Berger received a mail solicitation from the Schiffrin firm. *See* Abraham Aff. ¶ 3 and Exhibit B.[3]

However, it is highly questionable whether such direct notice is permitted. The ethical rules of many states carefully regulate such direct solicitation of persons possessing a claim. Thus, New York requires that solicitations be clearly labeled as "Attorney Advertising," be filed with the respective attorney disciplinary committee and disclose how the attorney became aware of the prospective client's legal need. 22 NYCRR §§ 1200.6 [DR 2-101] and 1200.8 [DR 2-103]. Similarly, Rule 7.3 of the American Bar Association's ("ABA") Model Rules of Professional Conduct, which is the impetus for many states attorney advertising rules, requires that mailings to prospective clients soliciting professional employment be clearly labeled as "Advertising Materials." *Accord*, *Falanga v. State Bar of Georgia*, 150 F.3d 1333, 1342-1343 (11th Cir. 1998) (a majority of states have substantially similar solicitation rules to those suggested by the ABA).[4]

---

[3] Mr. Berger is also interested to know how the Schiffrin firm obtained his personal investment information and how, for that matter, it identifies people for its mail solicitation programs.

[4] Given the solicitation that Mr. Berger previously received from the Schiffrin firm, it is questionable whether they complied with New York's Code of Professional Responsibility which requires the words "Attorney Advertising" on the first page. *See* 22 NYCRR § 1200.6 [DR 2-101. F].

Moreover, even assuming *arguendo* that the form of notice solicitation used by the Schiffrin firm does not run afoul of ethical rules, it still would not be in compliance with the PSLRA's purpose. Such a mass mailed notice "runs contrary to the purpose of the PSLRA for a client-driven litigation, because the notice sought to have purported members retain the Schiffrin Firm as counsel." *Vonage*, 2007 U.S. Dist. LEXIS 66258, at *32 (citing 15 U.S.C. § 77z-1(a)(3) PSLRA notices "be published, in a widely circulated national business-oriented publication or wire service . . . ."); *Funke v. Life Financial Corp.*, No. 99-1187, 2003 U.S. Dist. LEXIS 1226, at *16 (S.D.N.Y. Jan. 28, 2003) ("If the court were to order plaintiffs' counsel to solicit such a group, in addition to presenting ethical problems for the attorneys, it would be contrary to the purpose of the PSLRA, under which 'Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff.'"(citation omitted)) (Motley, J.); *Topaz Realty v. Northfield Labs., Inc.*, No. 06-1493, 2006 U.S. Dist. LEXIS 77613, at *9-10 (N.D. Ill. June 19, 2006)).

Thus, the Schiffrin firm's actions in soliciting lead plaintiffs is sufficient to disqualify it from serving in this action no matter which proposed lead plaintiff they purport to represent.

## CONCLUSION

Therefore, for all the reasons set forth above and in Mr. Berger's previous submissions, Paul Berger should be appointed lead plaintiff in this action and the firm of Abraham, Fruchter & Twersky, LLP, should be appointed as lead counsel.

Dated: November 28, 2007

ABRAHAM, FRUCHTER & TWERSKY, LLP

_____
Jeffrey S. Abraham (JA-2946)
One Penn Plaza, Suite 2805
New York, New York 10119
Phone: (212) 279-5050
Fax: (212) 279-3655

**Counsel for Proposed Lead Plaintiff Paul Berger**

- 8 -