UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re Tarragon Corporation Securities Litigation

------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/6/07

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

Before me are motions to consolidate three putative class actions brought under the federal securities laws by shareholders of Tarragon Corporation. Vivian and Leonard Judelson, et al. v. Tarragon Corporation, et al., 07 Civ. 07972 (PKC); Nelson v. Tarragon Corporation, et al., 07 Civ. 08438 (PKC); Berger v. Tarragon Corporation, et al., 07-08689 (PKC).

On August 9, 2007, Tarragon announced that it was delaying its second quarter public filings and experiencing liquidity issues caused by the sudden and rapid deterioration in the real estate credit markets; it further announced that it expected to record impairment charges in excess of $125 million. The complaints in the three actions allege false and misleading statements were made prior to the August 9 announcement concerning the financial condition of Tarragon. The complaints are largely overlapping and raise common questions of law and fact. Consolidation under Rule 42(a), Fed. R. Civ. P. is appropriate. The actions are consolidated under the above caption and docket number. The Clerk is directed to administratively close 07 Civ. 08438 (PKC) and 07 Civ. 08689 (PKC).

The "Tarragon Group," the "Judelson Group," Pascual Rodriquez and Paul Berger, each with separate counsel, seek to be appointed as lead plaintiff in the consolidated action. The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class

that the court determines to be most capable of adequately representing the interests of class

members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).  There is a rebuttable presumption that a

"person or group of persons" who is a named plaintiff or movant and otherwise satisfies Rule

23, Fed. R. Civ. P., is the most adequate plaintiff if that person or group of persons "has the

largest financial interest in the relief sought by the class . . . ."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

      Here, neither the "Tarragon Group" nor the "Judelson Group" has proven its

own existence.  Other than that each of the two groups is represented by a set of lawyers, no

information is provided.  There is no evidence that the members of these groups have ever

communicated with other members of their respective group or will do so in the future.  While

one might assume that each group member shares a common purpose or goal in obtaining a

recovery in the lawsuit, the same may be said of any class member who does not opt out of

the class.  There has been no showing that the members of either "group" have, in fact,

functioned as a group.  Neither "group" is therefore in a position to direct and control counsel.

      A decade ago, Judge Cedarbaum of this Court addressed the perils of a

"group" created by the lawyers who the "group" would purportedly control:

> To allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs
> defeats the purpose of choosing a lead plaintiff.  One of the principal
> legislative purposes of the PSLRA was to prevent lawyer-driven litigation.
> Appointing lead plaintiff on the basis of financial interest, rather than on a
> "first come, first serve" basis, was intended to ensure that institutional
> plaintiffs with expertise in the securities market and real financial interests in
> the integrity of the market would control the litigation, not lawyers. . . .  To
> allow lawyers to designate unrelated plaintiffs as a "group" and aggregate their
> financial stakes would allow and encourage lawyers to direct the litigation.
> Congress hoped that the lead plaintiff would seek the lawyers, rather than
> having the lawyers seek the lead plaintiff. . . .

Counsel have not offered any reason for appointing an aggregation of unrelated institutional and individual investors as lead plaintiffs other than the argument that the language of the statute does not expressly forbid such a result.

In re Donnkenny Inc. Securities Litigation, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) (citations omitted); accord In re Razorfish, Inc. Securities Litigation, 143 F. Supp. 2d 304, 308–09 (S.D.N.Y. 2001) (rejecting group as lead plaintiff because, inter alia, it had no independent existence, its members had no prior relationship and group was "artifice cobbled together by cooperating counsel"); In re Veeco Instruments, Inc. Securities Litigation, 233 F.R.D. 330, 334 (S.D.N.Y. 2005) ("Courts (including this one) view such aggregations of individual shareholders with disapproval.") (citation omitted)); In re Pfizer Inc. Securities Litigation, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) ("Nothing before the Court indicates that this aggregation is anything other than an attempt to create the highest possible 'financial interest' figure under the PSLRA . . . and I reject it."); Goldberger v. PXRE Group, Ltd., No. 06-CV-3410 (KMK), 2007 WL 980417 (S.D.N.Y. March 30, 2007) (rejecting leaderless group whose members "share[] only this lawsuit in common" and suspecting group "of disparate and apparently unrelated plaintiffs" was result of the "type of lawyer-driven action that the PSLRA eschews.") (citation omitted).

The issue is not whether losses or holdings may be aggregated by members of a group seeking to become the lead plaintiff; indisputably, they may. See Weltz v. Lee, 199 F.R.D. 129, 132-33 (S.D.N.Y. 2001). But to enjoy the rebuttable presumption that the statute confers, there must be some evidence that the members of the group will act collectively and separately from their lawyers. With respect to the "Tarragon Group" and the "Judelson Group" that evidence is wholly lacking.

Paul Berger has purchased shares on fourteen occasions during the class period, totaling 14,000 shares, and sold shares on six occasions, totaling 12,500 shares. Mr. Berger's losses are $56,396.82. No person whose holdings have been brought to the court's attention has a larger financial interest in the relief sought by the class than Mr. Berger. Mr. Berger would appear to satisfy the adequacy and typicality requirements of Rule 23. I conclude that he satisfies the statutory criteria and is the most capable person to represent the interests of the class. Mr. Berger is appointed as lead plaintiff.

I will approve Mr. Berger's selection of counsel, Jeffrey Abraham of Abraham, Fruchter & Twersky, LLP. Mr. Abraham has submitted an affidavit setting forth his law firm's experiences as class counsel and a resume of the individual partners. He references eleven securities class actions or shareholder derivative actions in which his firm has served as counsel.

Leave to file a consolidated amended class action complaint is granted provided it is filed on or before January 18, 2008. Defendant's time to answer or move is adjourned until forty-five days after the filing of the consolidated amended class action complaint. Counsel for the parties are urged to meet and confer on the retention of a mediator at private expense.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       December 6, 2007